| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>*DAVID L. CHAPMAN*<br>*266 HIGHWAY 34*<br>*MATAWAN, NJ 07747*<br>*732-921-2161* | |
| US Bankruptcy Court<br>Vs.<br>David L. Chapman | Misc. Pro. No.:  __24-00112-RG__<br><br>Judge:  GAMBARDELLA |

# CERTIFICATION

I, *DAVID L. CHAPMAN*, submit this certification in support of my request not to issue sanctions in this matter.

1. Prior to 2024, I filed, on average, three to five matters a year manually at the window of the court, typically in Newark or Trenton. By the summer of 2024, I signed up for electronic filing.

2. Upon signing up for electronic filing of bankruptcies matters I was forwarded the email from Jeffrey Pierce, administrator, regarding the materials and exercises to be completed to authorize the use of the electronic filing system.

3. I completed the exercises in two or three sessions.

4. More than 90 percent of my appearances in bankruptcy court have been for individuals filing chapter 7 or 13.

5. All of the chapter 13 filings are for people who are trying to keep or stay a sheriff sale of real estate property.

6. When I completed the training exercises I understood some but not all of the mechanics.

7. Through some of my initial electronic filings of 2024, I received a remark on the docket on how I filed. I called the court and spoke with the staff for explanations of how to correct and to ensure I did not make that error again. To the degree my early filings had basic errors they have been resolved immediately.

8. For instance, when filing missing documents under Miscellaneous Events, you are able to file the 13 plan. A remark was made on the docket because I had filed under that section. I called and was told to file under chapter 13 plan and schedule the hearing. I have continued to file in this manner. Another instance was a remark for not adding creditors. When I contacted the Newark office regarding the remark the staff person explained that I need to enter the creditors in the creditor maintenance. On a separate instance, the staff person said it was "OK" to file the pdf attached to the petition.

9. When the hearing was scheduled for March 5, 2025, I contacted Jeffrey Pierce for assistance. We eventually connected by phone whereas he looked into the matter and seemed uncertain whether I needed to file a pdf of creditors or enter the creditors in the creditor maintenance section. Mr. Pierce explained that a "txt" file has to be prepared and then uploaded in the creditors maintenance section. We concluded that using the creditor maintenance section makes more sense for my clientele whereas I just enter the information manually. However, we thought I do not have to do both, meaning not create a "txt" or "pdf" as long as I do the manually entering of creditors.

I have attached as an exhibit the attorney exercise sheet (name of the PDF sent for training) for reference. As a footnote, the training does not state you as the attorney set the hearing date and I was unaware of that fact.

10. The above was to provide background and context.

11. It is apparent that I did not file a pdf or enter creditors in the creditor maintenance section for the 2nd filings of April Martin, Cynthia Kneisler, and Danny Dacosta and Paul Lee. The same for the initial filings of Tanya Correia and Guerline Cassagnol. That is a mistake on my part.

12. Going forward, I have filed matters with a pdf attached to the petition as a list of creditors and have entered at least one creditor in the creditors maintenance section.

13. Should the court determine that a "txt" file should be attached or uploaded I will comply with the instructions of the court.

I certify under penalty of perjury that the foregoing statements are true.

Date: March 12, 2025

/s/ David L. Chapman

Via email:

Marie-Ann Greenberg

magecf@magtrustee.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

CM/ECF Attorney Training Page 1
Exercise Sheet for Certification (Rev. Jan. 2018)
**NOTE:**

**(1) Supporting documents, including proposed orders, must be attachments (separate .pdf files) to each motion and application. Check the Forms section of our website since some of the assignments below require a form. Be sure to use an order template as page 1 of your proposed order. Order templates are also found in the Forms section.**

**(2) For any tasks which require a hearing date be scheduled, be sure to enter a hearing date and time. Since a judge will not have been assigned to your newly-opened case(s), for purposes of this practice exercise, select any judge (courtroom) in the vicinage where your case was opened, and designate hearing date of your choice at 10:00 a.m.**

**(3) When unsure of how to file a document, check the instructions on our web site www.njb.uscourts.gov; if still in doubt, contact the trainer who assigned your login and password.**

| Task | Information | Notes |
|---|---|---|
| 1. Case Opening - Chapter 13 | Chapter 13 (incomplete for Statement of Financial Affairs) Individual Debtor, Fee Paid, Voluntary, Asset. Make own selections for assets and liabilities | Be sure to write down the case number assigned to this new Chapter 13 and use this case for the assignments below. |
| 2. File Notice of Appearance | Use the new Chapter 13 case you opened | Add/Create a creditor you represent |
| 3. File Notice of Motion to Dismiss Bankruptcy Proceeding or in the Alternative Relief from Stay | Use the new Chapter 13 case you opened | This is a multi part motion. Use the ctrl key on your keyboard to select multiple events. File the motion on behalf of the creditor you created in #2 above and be sure to upload a proposed order with the court's mandatory order template. |
| 4. File a Creditor's Certification of Default | Use the new Chapter 13 case you opened | Link to motion #3 above |
| 5. File Proof of Claim of Exxon ($1200.00) | Use the new Chapter 13 case you opened | |

CM/ECF Attorney Training                                              Page 2
Exercise Sheet for Certification                                      (Rev. Jan. 2018)

| Task | Information | Notes |
|---|---|---|
| 6. Open Adversary Proceeding | Party Plaintiff: Summit Bank Defendant - Debtor (Kathleen Holly) Relief: Objection to Dischargeability Under Sec. 523 Associated Case Reference: Use the new Chapter 13 case you opened | Tip: summons should be attachment to adversary proceeding complaint. Tip: e-filed complaints do not require a cover sheet. |
| 7. File a Chapter 13 Plan and Motion | Use the new Chapter 13 case you opened | |
| 8. Upload Creditor Matrix | Use the new Chapter 13 case you opened | Use Notepad in your word processing program to create a .txt creditor matrix |
| 9. File a Certificate of Credit Counseling | Use the new Chapter 13 case you opened | |
| 10. File Objection to Chapter 13 Plan | Use the new Chapter 13 case you opened. File the objection on behalf of the creditor you created in #2 above. | Tip: when linking to a filed document, note that some documents filed by a trustee may be found in the Trustee category. |
| 11. File application for Retention of Professional | Employ an appraiser in the new Chapter 13 case you opened. | |
| 12. File the Statement of Financial Affairs | Use the new Chapter 13 case you opened | Use the Misc Events category and the Missing Documents Filed event. |
| 13. File Objection to Motion to Dismiss Bankruptcy Proceeding or in the Alternative Relief from Stay | Use the new Chapter 13 case you opened | |
| 14. Debtor's Certification of Completion of Financial Management Course | Use the new Chapter 13 case you opened | Use Official Form B423 |
| 15. File Application for Compensation (Under $1,000) as attorney for debtor | Use the new Chapter 13 case you opened | Enter Fees of $300 and Expenses of $0 |